PATTON (VIOLETT v.). See Case No. 16,-952.

## Case No. 10,840.

### PATTY v EDELIN.

[1 Cranch, C. C. 60.] 1

Circuit Court, District of Columbia. Jan. Term, 1802.

DEMURRER TO EVIDENCE.

The plaintiff is not obliged to join in demurrer to the evidence unless the demurrer expressly admits every fact which the jury might reasonably infer from the testimony. But if demurrer be joined, the court will infer what the jury might infer.

Mr. Swann, for defendant, offered a demurrer to the evidence, stating the testimony only as delivered by the witnesses for the plaintiff.

Mr. Jones, for plaintiff, objected to join in demurrer, because it did not state the facts which might be inferred from the testimony. Cocksedge v. Fanshaw, 1 Doug. 131; Hoyle v. Young, 1 Wash. [Va.] 151; Bull. N. P. 313; Thweat v. Finch, 1 Wash. [Va.] 220.

THE COURT was of opinion that the plaintiff [Negro Patty] was not obliged to join in demurrer, unless the defendant [Edward Edelin], would admit those facts which the jury might reasonably infer from the testimony. But that if such a demurrer, stating the testimony of facts, and not the facts themselves. be joined, then the court are bound to infer, against the party demurring, every fact which a jury might reasonably have inferred from the testimony so stated.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

THE COURT refused to compel the plaintiff to join in demurrer, unless the defendant would admit that he hired the plaintiff to Henry Lyles; a fact which they thought the jury might reasonably infer from the testimony.